## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**SWARTZ CAMPBELL LLC**                                    **Attorneys for** Plaintiffs
**BY:** William T. Salzer
Identification No. 42657
Two Liberty Place, 28th Floor
50 South 16th Street
Philadelphia, PA 19102
(215) 564-5190

| | |
|---|---|
| NATIONWIDE MUTUAL INSURANCE COMPANY, NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY, <br>                             Plaintiffs, <br><br> vs. <br><br> GERALD GARZONE; LOUIS GARZONE; LIBERTY CREMATION, INC.; and JAMES McCAFFERTY, MARGARET MCCAFFERTY DOING BUSINESS AS JAMES A. McCAFFERTY FUNERAL HOME, and MARTHA WILSON, NANCY WILSON, and JAMES WILSON; and NEIL PANCOAST, On Behalf of Themselves and All Others Similarly Situated; WILLIAM CARTER, KAY CARTER, VERONICA JENKINS, WAYNE JENKINS, MARIE BOWERS, JAMES FINNEGAN, RALPH ANGELLILLI, ALBERT LONG, RYAN WALSH, SIARRA MICHELLE UPCHURCH, NATALIE BRUNO, ANTONIA TORRES, EZEQUIEL LOPEZ-TORRES, MARIA APONTES, GIOVANNI LOPEZ-TORRES, ERNEST STUARD, MARY ANN STUARD, BARBARA O'CONNOR, MARY MORRIS, CHARLES MORRIS, DENISE HOLZER and KENNETH SARANCZAK, individually and as guardian of JUSTIN SARANCZAK and BRANDON SARANCZAK, CHARLENE WILLIAMS, NANCY GIBSON and STEPHENIE MAGGIO, <br><br>                             Defendants. | CIVIL ACTION <br><br> NO.   08-CV-3895 <br><br><br> **FIRST AMENDED COMPLAINT – CLASS ACTION** <br><br><br><br> **JURY TRIAL DEMANDED** |

## FIRST AMENDED CLASS ACTION COMPLAINT
## FOR DECLARATORY JUDGMENT

Nationwide Mutual Insurance Company and Nationwide Property and Casualty Insurance (collectively referred to as "Nationwide"), by their undersigned counsel, and pursuant to 28 U.S.C. § 2201, bring this declaratory judgment class action to obtain an adjudication as to Nationwide's right to disclaim any duty to defend or indemnify Gerald Garzone, Louis Garzone, Liberty Cremation, Inc., James McCafferty individually or doing business as James McCafferty Funeral Home, against allegations of liability asserted by Martha Wilson, Nancy Wilson, James Wilson, and Neil Pancoast, individually and as proposed representatives of members of a proposed defendant class ("the class representatives"), in an Amended Class Action Complaint pending in the United States District Court for the Eastern District of Pennsylvania, Docket No. 2:08-CV-02453-RBS ("the Underlying Class Action Complaint"), and allegations of liability asserted by William Carter, Kay Carter, Veronica Jenkins, Wayne Jenkins, Marie Bowers, James Finnegan, Ralph Angellilli, Albert Long, Ryan Walsh, Siarra Michelle Upchurch, Natalie Bruno, Antonia Torres, Ezequiel Lopez-Torres, Maria Apontes, Giovanni Lopez-Torres, Ernest Stuard, Mary Ann Stuard, Barbara O'Connor, Mary Morris, Charles Morris, Denise Holzer and Kenneth Saranczak, individually and as guardians of Justin Saranczak and Brandon Saranczak, Charlene Williams and Nancy Gibson in their respective lawsuits filed in the Philadelphia County Court of Common Pleas, and Stephenie Maggio in her lawsuit filed in the Supreme Court of the State of New York, Richmond County. In support of this Declaratory Judgment Complaint, Nationwide avers as follows:

## I.     Nature of the Case

1.     Nationwide seeks declaratory relief as to obligations, if any, under policies of commercial general liability insurance with regard to allegations of liability asserted in the Underlying Class Action Complaint and other Underlying Actions brought by family members of deceased individuals who charge the defendants with facilitating and profiting from the unlawful procurement of organs and tissue from human corpses for sale.

2.     Defendants Martha Wilson, Nancy Wilson, James Wilson and Neil Pancoast, plaintiffs in the Underlying Class Action, and defendants William Carter, Kay Carter, Veronica Jenkins, Wayne Jenkins, Marie Bowers, James Finnegan, Ralph Angellilli, Albert Long, Ryan Walsh, Siarra Michelle Upchurch, Natalie Bruno, Antonia Torres, Ezequiel Lopez-Torres, Maria Apontes, Giovanni Lopez-Torres, Ernest Stuard, Mary Ann Stuard, Barbara O'Connor, Mary Morris, Charles Morris, Denise Holzer and Kenneth Saranczak,  individually and as guardians of Justin Saranczak and Brandon Saranczak, Charlene Williams, Nancy Gibson and Stephenie Maggio, plaintiffs in the other Underlying Actions (collectively with the Class Action plaintiffs, "the Underlying Plaintiffs") charge principals of several funeral homes including the Nationwide policyholders, the  James A. McCafferty Funeral Home and Liberty Cremation, Inc. ("the McCafferty/Liberty defendants"), with conspiring with a New Jersey former dentist, Michael Mastromarino and his company, Biomedical Tissue Services, Inc. (hereinafter "BTS"), to dismember corpses, entrusted to their care, for the purpose of procuring body parts and tissue, ultimately for resale, without the knowledge and consent of the next of kin.

3.     The Underlying Plaintiffs in the Underlying Class Action Complaint have sought class representative status for all individuals who were contacted by the Philadelphia District

Attorney's Office and informed that their next of kin's or loved one's corpse had tissue and/or body parts removed by defendants for ultimate use as allografts without consent or permission having been previously granted, other than those individuals who have filed their own lawsuits. The Underlying Plaintiffs seek certification of a sub-class, denominated the "no notice class" of those persons who did not receive notice from the Philadelphia District Attorney's Office of "the mutilation of their loved ones" for which consent had not been previously given. *See* Underlying Class Action Complaint, ¶51.

4.     Nationwide seeks certification of a class of the same members proposed by the Underlying Plaintiffs in the Underlying Class Action for the purpose of conclusively resolving all insurance coverage issues precipitated by the allegations of liability in the Underlying Class Action Complaint and other lawsuits filed by the Underlying Plaintiffs against the McCafferty/Liberty defendants.

**II.     The Parties**

5.     Plaintiffs, Nationwide Mutual Insurance Company and Nationwide Property and Casualty Insurance Company ("Nationwide"), are Ohio corporations, each with its principal place of business located at One Nationwide Plaza, Columbus, Ohio.  Both Nationwide companies are licensed to sell insurance in the Commonwealth of Pennsylvania.

6.      Upon information and belief, defendant Gerald Garzone is an adult individual who resides at 4151 L Street, Philadelphia, Pennsylvania 19124-5314.

7.     Upon information and belief, defendant Louis Garzone is an adult individual who resides at 1830 East Somerset Street 32, Philadelphia, Pennsylvania 19134-3455.

8.     Defendant Liberty Cremation, Inc., is a Pennsylvania corporation engaged in the business of crematory services with its principal place of business located at 2778 Ruth Street, Philadelphia, Pennsylvania 19134-3408.

9.     Upon information and belief, defendant James McCafferty is an adult individual who is a resident of the Commonwealth of Pennsylvania and can be served at 2778 Ruth Street, Philadelphia, Pennsylvania 19134-3408.

10.     Upon information and belief, defendant Margaret McCafferty is the owner and operator of the James A. McCafferty Funeral Home with a principal place of business 6709-11 Frankford Avenue, Philadelphia, Pennsylvania 19135, and employed James A. McCafferty as a supervisor.

11.     Upon information and belief, defendants, Martha Wilson and Nancy Wilson, are adult individuals who reside at 2017 W. Montgomery Avenue, Philadelphia, Pennsylvania.

12.     Upon information and belief, defendant, James Wilson, is an adult individual residing at 3126 N. Patton Street, Philadelphia, Pennsylvania.

13.     Upon information and belief, defendant, Neil Pancoast, is an adult individual residing at 2848 Neptune Road, Philadelphia, Pennsylvania.

14.     Upon information and belief, William Carter and Kay Carter are adult individuals who reside at 8009 Ashboro Court, Chevy Chase, Maryland.

15.      Upon information and belief, Wayne and Veronica Jenkins are adult individuals who reside at 7346 Buist Avenue, Philadelphia, Pennsylvania.

16.     Upon information and belief, Marie Bowers is an adult individual who resides at 3613 Sepviva Street, Philadelphia, Pennsylvania.

17.     Upon information and belief, James Finnegan is an adult individual who resides at 3154 Aramingo Avenue, Philadelphia, Pennsylvania.

18.     Upon information and belief, Ralph Angellilli is an adult individual who resides at 33 Old Brook Road, Levittown, Pennsylvania.

19.     Upon information and belief,  Albert Long is an adult individual who resides at 2743 Swarts Street, Chester, Pennsylvania.

20.     Upon information and belief, Ryan Walsh is an adult individual who resides at 427 Watergate Road, Maple Shade, New Jersey.

21.     Upon information and belief, Siarra Michelle Upchurch is an adult individual who resides at 5717 Stewart Street, Philadelphia, Pennsylvania.

22.     Upon information and belief, Natalie Bruno is an adult individual who resides at Est. de Monte Rio, 61 Calle Don Diego, Cayey, Puerto Rico.

23.     Upon information and belief, Antonia Torres, Giovanni Lopez-Torres and Ezequiel Lopez-Torres are adult individuals who reside at 327 W. Albanus Street, Philadelphia, Pennsylvania.

24.     Upon information and belief, Maria Apontes is an adult individual who resides at 4103 N. 6th Street, Philadelphia, Pennsylvania.

25.     Upon information and belief, Ernest Stuard and Mary Ann Stuard are adult individuals who reside at 2524 Judith Street, Bethlehem, Pennsylvania.

26.     Upon information and belief, Barbara O'Connor is an adult individual who resides at 2755 Watervale Drive, Sparks, Nevada.

27.     Upon information and belief, Mary Morris and Charles Morris are adult individuals who reside at 5044 El Destino Drive, Leesburg, Florida.

28.     Upon information and belief, Denise Holzer and Kenneth Saranczak are adult individuals who reside at 2247 Glenview Street in Philadelphia, Pennsylvania and are the legal guardian for minors Justin and Brandon Saranczak.

29.     Upon information and belief, Charlene Williams is an adult individual who resides at 312 Bortree Road, Moscow, Pennsylvania.

30.     Upon information and belief, Nancy Gibson is an adult individual residing at 3402 Sheffield Avenue, Philadelphia, Pennsylvania.

31.     Upon information and belief, Stephenie Maggio is an adult individual residing at 32 Knox Avenue, Cape May Point, New Jersey.

## III.    <u>Venue/Jurisdiction</u>

32.     Plaintiffs and defendants are citizens of different states.

33.     The amount in controversy, exclusive of interest and costs, exceeds $75,000.00. Jurisdiction is based on diversity of citizenship and the amount in controversy. 28 U.S.C. § 1332.

34.     This action is brought pursuant to 28 U.S.C.S. § 2201, the Declaratory Judgment Act, which provides for any court to adjudicate a party's rights and responsibilities in an actual controversy.

35.     A justiciable and actual controversy exists over whether Nationwide is obligated to provide defense and indemnity to the McCafferty/Liberty insureds for the liability claims of the Underlying Plaintiffs.

36.     Venue is proper under 28 U.S.C. 1391(a), (b), and ( c) (2008), because the McCafferty/Liberty defendants reside in this venue, a substantial part of the events giving rise to the claims in the Underlying Actions occurred in this venue, and/or defendants are subject to personal jurisdiction in this venue.

## IV.     The Underlying Lawsuits

37.     This Complaint seeks a declaratory judgment regarding Nationwide's obligations with respect to the allegations of liability set forth in Wilson et al. v. Biomedical Tissue Services, Ltd., et al., U.S.D.C. (E.D. Pa.) No. 2:08-CV-02453-RBS.  A true and correct copy of the Amended Class Action Complaint is attached hereto as "Exhibit A."

38.     This Complaint also seeks a declaratory judgment regarding Nationwide's obligations with respect to the allegations of liability set forth in: Carter v. Biomedical Tissue Services, et al., filed in the Philadelphia County Court of Common Pleas, October, 2007 Term, No. 2538;  Jenkins v. Biomedical Tissue Services, et al., filed in the Philadelphia County Court of Common Pleas, April, 2008 Term, No. 2564; Bowers v. Biomedical Tissue Services, et al., filed in the Philadelphia County Court of Common Pleas, August Term, 2007, No. 3587; Finnegan v. Biomedical Tissues Services, et al., filed in the Philadelphia County Court of Common Pleas, October, 2007 Term, No. 842; Angellilli  v. Biomedical Tissue Services, et al., filed in the Philadelphia County Court of Common Pleas, March, 2008 Term, No. 2809; Long v. Biomedical Tissue Services, et al., filed in the Philadelphia County Court of Common Pleas, March, 2008 Term, No. 3285; Walsh  v. Biomedical Tissue Services, et al., filed in the Philadelphia County Court of Common Pleas, April, 2008 Term, No. 3646; Upchurch v. Biomedical Tissue Services, et al., filed in the Philadelphia County Court of Common Pleas, March, 2008 Term, No. 4778;

Gibson v. Biomedical Tissue Services et al., filed in the Philadelphia County Court of Common Pleas, September, 2008 Term, No. 1841; Stuard v. Biomedical Tissue Services, et al., filed in the Philadelphia County Court of Common Pleas, August, 2008 Term, No. 1652; Bruno v. Biomedical Tissue Services, et al., filed in the Philadelphia County Court of Common Pleas, May, 2007 Term, No. 1822; Holzer v. Biomedical Tissue Services, et al., filed in the Philadelphia County Court of Common Pleas, August Term, 2008, No. 3877; Williams v. Biomedical Tissue Services, et al., filed in the Philadelphia County Court of Common Pleas, May Term, 2008, No. 3763; and Maggio v. Biomedical Tissue Services, et al., filed in the Supreme Court of New York, County of Richmond, Index No. 103744/07[1].

39.     All of the Complaints filed in the various actions contain common facts and legal theories surrounding the underlying defendants' harvesting and sale of tissue and body parts from plaintiffs' family members without consent.

40.     In the Class Action Complaint and Underlying Actions, the Underlying Plaintiffs allege that Gerald Garzone, Louis Garzone and James McCafferty, as co-owners of Liberty Cremation, gave BTS access by and through its agents, servants and employees to bodies for the purpose of harvesting in exchange for money. Exhibit A, ¶15.

41.     It is further alleged that Gerald Garzone, as the owner of the Garzone Funeral Home, located at 4149-51 L Street, Philadelphia, Pennsylvania, likewise gave access to BTS to the deceased bodies for harvesting in exchange for payment of money. *Id.*

---

[1]The Walsh, Jenkins, Bowers, Finnegan, Long, Angellilli, and Upchurch matters have been consolidated with the Carter lawsuit, under the Carter docket number. A motion is pending to consolidate the Bruno matter with the Carter matter.

42.     In the Underlying Actions, the Underlying Plaintiffs allege that James McCafferty as the funeral director of the James A. McCafferty Funeral Home gave access to BTS to the deceased bodies for harvesting in exchange for payment of money.  *Id*.

43.     The Underlying Plaintiffs allege that there were at least 244 bodies that were subjected to organ or tissue harvesting at the Garzone Funeral Home, Liberty Cremation or the James A. McCafferty Funeral Home.   *Id*.

44.      It is alleged that the harvested body parts were sold to Regeneration Technologies, Inc., Lifecell Corporation, Inc., Tutogen Medical, Inc., Blood & Tissue Center of Central Texas and Lost Mountain Tissue Bank for processing and preparation for transplantation.

45.     The Underlying Plaintiffs allege that Mastromarino and embalmer Joseph Nicelli then began "harvesting tissue and bones from human bodies, including bodies of Plaintiffs' next-of-kin, family members, and loved ones, improperly obtained from various funeral homes and crematories" and that this was done in secret and without the knowledge of family members.

46.     To facilitation their concerted actions, BTS, its agents, "with the aid, knowledge, agreement or common understanding of the defendant funeral homes and their officers, also altered the medical records, death certificates and even identities of the corpses to conceal the lifestyle and medical or disease histories of the corpses".   Exhibit A, ¶ 13.

47.     Then, in order to cover up their misdeeds, BTS, its agents, "with the aid, knowledge, agreement or common understanding of the defendant funeral homes and funeral home officers, secretly dissected the bodies...including replacement of the harvested bone and tissue with foreign objects such as PVC piping and other objects, so that bodies would still

appear normal for their pending visitations, funerals, or post mortem proceedings." Exhibit A, ¶ 12.

48. In the Class Action Complaint, the Underlying Plaintiffs allege that they and the members of the proposed class have sustained pain and suffering, severe emotional distress, mental anguish and harm, financial or economic loss including, but not limited to, present and future lost wages and other damages as a result of the underlying defendants' conduct for which they seek recovery of compensatory and punitive damages. Exhibit A, ¶ 65.

49. Defendants Gerald Garzone, Louis Garzone, James McCafferty and Liberty Cremation, Inc. were indicted on multiple criminal charges by a Grand Jury of the Court of Common Pleas of Philadelphia County on September 27, 2007 and have subsequently pled guilty to several of those charges, including participating in a corrupt organization; criminal conspiracy; theft by unlawful taking; aggregated theft by deception; and other crimes. They are awaiting sentencing.

## V.    The Nationwide Insurance Policies

50. Nationwide Mutual Insurance Company issued a Blanket Protector commercial general liability insurance policy  to Liberty Cremation, Inc. which was in effect for the period October 17, 2004 through October 17, 2005 and renewed for successive one year periods until expiration on October 17, 2007.  A true and correct copy of the Nationwide Mutual Insurance Policies issued for each policy period is attached as Exhibit B.

51. Nationwide Property and Casualty Insurance Company issued to James McCafferty doing business as McCafferty Funeral Home, a Businessowners Policy of commercial general liability insurance, Policy No. 58 BO 376-310-3001, for the period April 21, 2005 through April

21, 2006 which was renewed for the period April 21, 2006 through April 21, 2007.  Nationwide

Property and Casualty Insurance Company issued a Businessowners Policy of commercial

general liability insurance to Margaret McCafferty doing business as James McCafferty Funeral

Home for the period of April 21, 2007 through April 21, 2008 and a Premier Businessowners

Policy for the period, April 21, 2008 through April 21, 2009.  A true and correct copy of the

Nationwide Property and Casualty Policies issued to the McCafferty Funeral Home are attached

as Exhibit C.

52.     Each of the Nationwide Policies contain a commercial general liability coverage

form which states, in pertinent part, as follows:

> We will pay those sums that insured becomes legally obligated to pay
> as damages because of "bodily injury" or "property damage" to which
> this insurance applies.  We will have the right and duty to defend the
> insured against any "suit" seeking those damages.  However, we will
> have no duty to defend the insured against any "suit" seeing damages
> for "bodily injury" or "property damage" to which this insurance does
> not apply."

53.     The insurance applies to "bodily injury" or "property damage" only if the "bodily

injury" or "property damage" is caused by an "occurrence".  The policy defines an "occurrence"

to mean "an accident, including continuous or repeated exposure to substantially the same

general harmful conditions."  Id.

54.     The term "bodily injury" under the main commercial general liability coverage

form is defined to mean "bodily injury, sickness or disease sustained by a person, including death

resulting from any of these at any time."

55.     Under Coverage A of the commercial general liability policy, the policy does not

apply to:

a.     Expected or intended injury;

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.

56.     The Premier policy removes coverage for "bodily injury" or "property damage" which is expected or intended by the insured, even if the resulting "bodily injury" or "property damage":

1)     Is of a different kind, quality or degree than initially expected or intended; or

2)     Is sustained by a different person, entity, real property, or personal property than that initially expected or intended.

57.     Under Coverage A of the commercial general liability policy, the policy does not apply to:

j.     Damage to Property

"Property damage" to personal property in the care, custody or control of the insured.

58.     The policy issued to Liberty contained Endorsement CG 21 56 07 98.  This endorsement excludes coverage for liability arising from the rendering of funeral services and states:

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of errors or omissions in the handling, embalming, disposal, burial or disinterment of dead bodies.

59.     However, Nationwide has amended its policy issued to Liberty Cremation, Inc. to retroactively include "Morticians' Professional Liability coverage" Cas. 3212 (7-88).  This endorsement provides, in pertinent part, as follows:

This Endorsement modifies insurance provided under the following:

Commercial General Liability Coverage Form

## MORTICIANS PROFESSIONAL LIABILITY COVERAGE FORM
## DECLARATIONS

1.     You do not use the premises for any undisclosed purposes and do not conduct any business operations at any undisclosed locations...

## INSURING AGREEMENT

We will pay those sums that the insured becomes legally obligated to pay as damages arising out of an occurrence caused by:

1.     bodily injury including mental anguish;

2.     property damage to urns, caskets, lining or fittings, casket cases, crypts, mausoleums or other facilities for the care of burial of a deceased human body, belonging to others and in the care, custody and control of the insured, for the purpose of burying or caring for a deceased human body, or

3.     property damage to property of others which is not in the care, custody or control of the insured, due to any professional malpractice or mistake in the embalming disposition, burial, disinterment or removal of any deceased human body or any conduct of any memorial service by the insured even though no deceased human body actually be present, or because of any injury to, destruction of or interference with the right of burial of a deceased human body.

due to an professional malpractice or mistake in the embalming, disposition, burial, disinterment or removal of any deceased human body....

## EXCLUSIONS

This insurance does not apply:

1.     To bodily injury or property damage arising out of the willful violation of a penal statute or ordinance committed by or with knowledge or consent of any insured; but this exclusion does not apply to any act done in good faith at the request of a public official having apparent authority to require or permit such act.

2.     To liability assumed under any contract or agreement except a contract defined in the policy.

CONDITIONS

2.    Definitions

The term "deceased human body" as used in this endorsement includes any part of a human body severed therefrom and also ashes of a deceased human body after legal cremation.

ALL OTHER PROVISIONS APPLICABLE TO THE COVERAGE PART OR POLICY ATTACHED NOT IN CONFLICT WITH THE PROVISIONS OF THIS ENDORSEMENT SHALL APPLY

60.    The claims asserted by the Underlying Plaintiffs are not caused by an "occurrence" as defined by the Nationwide policies; rather, the McCafferty/Liberty defendants were engaged in a conspiracy to profit from the surreptitious taking of body parts and tissue from the decedent corpses.

61.    The claims asserted by the Underlying Plaintiffs are not for damages because of "bodily injury" or "property damage" as those terms are defined by the Nationwide Commercial General Liability policies.  Rather, the Underlying Plaintiffs seek recovery of damages on account of claimed emotional distress upon learning of the mistreatment of the decedent corpses.

62.    The claims asserted by the Underlying Plaintiffs do not constitute a claim for damages because of "personal and advertising injury" as defined by the Nationwide policies.

63.    In the alternative, the claims asserted by the Underlying Plaintiffs are removed from coverage under the "intended/expected" exclusion of the Commercial General Liability policies.

64.    The claims asserted by the Underlying Plaintiffs do not constitute a claim for damages encompassed by the Morticians Professional Liability Coverage Form because the

participation of the McCafferty/Liberty defendants in a conspiracy to remove body parts and tissue from corpses entrusted to its/their care and appropriate disposition, without the knowledge and permission of the families of the decedents does not involve an occurrence caused by bodily injury, including mental anguish, due to professional malpractice or mistake.

65.     In the alternative, the claims asserted by the Underlying Plaintiffs are removed from coverage under the Morticians Professional Liability Coverage Form because the damage arises out of the willful violation of a penal statute or ordinance by the insured including those Pennsylvania criminal statutes which make it unlawful to abuse a corpse or to transfer bodily parts or tissue for monetary consideration.

66.     In the alternative, the claims asserted by the Underlying Plaintiffs are removed from coverage under the Morticians Professional Liability Coverage Form because the Liberty/McCafferty defendants used the premises identified on the Declarations of the policy for undisclosed purposes or because they were conducting the unauthorized removal of body parts and tissue at the Garzone Funeral Home, an undisclosed location.

67.     The Nationwide policy issued to Liberty Cremation, Inc. defines who is an Insured, in pertinent part, as follows:

**SECTION II B WHO IS AN INSURED**

     1.    If you are designated in the Declarations [Liberty Cremation Inc.] as:

          d.    An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

2.   Each of the following is also an insured:

a.   Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business.  However, none of these "employees" or "volunteer workers" are insureds for:

(2)   "Property damage" to property:

(6)   Rented to, in the care, custody or control of, or over which physical control is being exercised for any purpose by:

You, any of your employees, any partner or member (if you are a partnership or joint venture), or any member if you are a limited liability company.

No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

68.   Insofar as the Garzone defendants are alleged to have been liable for conduct engaged in on behalf of the Garzone Funeral Home, they are not Insureds under the policy issued to Liberty as the Garzone Funeral Home is not a Named Insured.

69.   Insofar as the McCafferty/Liberty defendants have entered into a joint venture with other entities, including BTS or others, which includes the scheme to harvest body parts or tissue from the decedents, no coverage exists for any liability imposed on the  McCafferty/ Liberty defendants.

70. The Nationwide policy issued to James McCafferty dba McCafferty Funeral Home insured the father of James A. McCafferty with respect to the business of the McCafferty Funeral Home. The definition of an Insured under that policy includes the named insured's employees, but only for acts within the scope of their employment by the named insured or while performing duties related to the conduct of the named insured's business.

71. The allegations of liability directed at James A. McCafferty in the Underlying Actions do not involve the performance of acts within the scope of his employment for the McCafferty Funeral Home or while performing duties related to the conduct of that business; therefore, James A. McCafferty does not qualify as an Insured under the Nationwide policies issued to either James McCafferty or Margaret McCafferty doing business as the McCafferty Funeral Home.

## VI. <u>Class Action Allegations</u>

72. The instant suit is properly maintainable as a class section under Fed. R. Civ. P. 23(b)(1)(A)(B) (2) and/or (3).

73. Plaintiff brings this action against the named defendants and others similarly situated, with members of the defendant class to be defined in line with the class definition identified by the Underlying Plaintiffs in their Class Action Complaint, as follows:

> All individuals who were contacted by the Philadelphia District Attorney's Office and informed that their next-of-kin's or loved one's corpse had body parts removed for ultimate use as allografts while the decedent's corpse was under the alleged care of any co-defendant, and neither the decedent (while alive) nor the decedent's next-of-kin or loved one had given consent or permission to any defendant for the removal of such body parts for ultimate use as allografts.

74.     In addition, plaintiff proposes a sub-class to follow Underlying Plaintiffs' class definition of a "no notice" sub-class, as follows:

> All individuals who did not receive explicit notice from the Philadelphia District Attorney's Office of the mutilation of their loved ones, but who, upon information and belief, allege that the body parts of their next-of-kin or loved one were removed by a co-defendant for ultimate use as allografts while the decedent's corpse was under the alleged care of any co-defendant, and neither the decedent (while alive) nor the decedent's next-of-kin or loved one had given consent or permission to any defendant for the removal of such body parts for ultimate use as allografts.

75.     As stated in the Underling Plaintiffs' Class Action Complaint, the class does not include those individuals (including William Carter, Kay Carter, Veronica Jenkins, Wayne Jenkins, Marie Bowers, James Finnegan, Ralph Angellilli, Albert Long, Ryan Walsh, Siarra Michelle Upchurch, Natalie Bruno, Antonia Torres, Ezequiel Lopez-Torres, Maria Apontes, Giovanni Lopez-Torres, Ernest Stuard, Mary Ann Stuard, Barbara O'Connor, Mary Morris, Charles Morris, Denise Holzer and Kenneth Saranczak, individually and as guardians of Justin Saranczak and Brandon Saranczak, Charlene Williams, Nancy Gibson and Stephenie Maggio) who have brought their own individual lawsuit.

76.     As stated in the Underlying Plaintiffs' Class Action Complaint, the class will consist of "hundreds of persons located primarily in Pennsylvania and specifically the Philadelphia area". Exhibit A, ¶ 52.

77.     Defendants Martha Wilson, Nancy Wilson, James Wilson, and Neil Pancoast are adequate representatives of the class, as their claims are "typical of the claims of the members of the Class" in that the "representative Plaintiffs and all members entrusted their next-of-kin or loved one's corpse to defendant funeral homes/crematories. While in the care of these funeral

homes, crematories, the corpses were harvested of various body parts, without consent of decedents (while alive) or next-of-kin or loved ones, by various Defendants for sale as allografts for monetary gain."

78.    In addition, these named parties "will fairly and adequately represent the interests of the Class" with regard to the insurance coverage issues raised in this declaratory judgment complaint through their ability to obtain financial resources and counsel.    Defendants Martha Wilson, Nancy Wilson, James Wilson, and Neil Pancoast are represented by counsel that has participated in the matter of <u>Nationwide Mutual Insurance Company v. Schaming et al</u>, U.S.D.C. (E.D. Pa.) Docket No. 07-4767.

79.    The questions of law and fact are common to the class, in that each arises from a factually similar background, and each party seeks recovery of damages on the ground of conspiracy, negligence, intentional/negligent infliction of emotional distress, breach of fiduciary duty, violations of Pennsylvania Unfair Trade Practices and Consumer Protection Law, intentional/negligent misrepresentation, and common law deceit grounds and the insurance coverage issues pertinent to the indemnification of the Nationwide policyholder (s) or putative insureds for the claims of the class members are identical.

80.    This class may appropriately be certified under Fed. R. Civ. P. 23(b)(3) in that the above-stated questions of law and fact will predominate over any matters affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy, as it will prevent repeat insurance coverage litigation and eliminate the potential for inconsistent rulings.

## COUNT I-Declaratory Judgment

81.    Plaintiffs incorporate the allegations of paragraphs 1 through 80 as if fully set forth herein at length.

82.    The Underlying Plaintiffs' claims and those of the proposed Class Members are for damages on account of emotional distress or pain and suffering and do not constitute a "bodily injury" under the Nationwide policies.

83.    The Underlying Plaintiffs' claims and those of the proposed Class Members are for damages based on financial or economic harm, including present and future wage losses, resulting from either their emotional injuries or from a fraudulent or deceptive consumer transactions and do not constitute "property damage" under the Nationwide policies. The conduct attributed to the Liberty/McCafferty defendants as described by the Underlying Plaintiffs in their lawsuits and on which each of their liability claims rest, does not meet the definition of an "occurrence" under the Nationwide policies.

84.    Nationwide does not have any obligation to defend or indemnify Liberty Cremation, Inc., James A. McCafferty, the James McCafferty Funeral Home, Gerald Garzone or Louis Garzone for the allegations of liability pled by the Underlying Plaintiffs in their respective actions for themselves and/or on behalf of the Class Members, as their claims for damages are not due to "bodily injury" or "property damage" as defined by the policy.

**WHEREFORE**, Nationwide Mutual Insurance Company and Nationwide Property and Casualty Company respectfully requests that this Court declare that Nationwide has no obligation to defend and/or indemnify Liberty Cremation, Inc., Gerald Garzone, Louis Garzone

or James McCafferty for the claims asserted against them by the Underlying Plaintiffs and by the Underlying Plaintiffs as representatives of the proposed Class and that Nationwide has no obligation to satisfy any judgment obtained by Underlying Plaintiffs or members of the proposed Class against Gerald Garzone, Louis Garzone, James McCafferty, McCafferty Funeral Home and Liberty Cremation, Inc.

## COUNT II-Declaratory Judgment

85.     Plaintiffs incorporate the allegations of paragraphs 1 through 84 as if fully set forth herein at length.

86.     The Underlying Plaintiffs allege that Gerald Garzone, Louis Garzone, James McCafferty and Liberty Cremation participated in an unlawful deliberate scheme to harvest organs and body tissue of decedents entrusted to their care and to transfer those materials to third parties without the knowledge or consent of the decedents' family or to facilitate these actions by BTS and others for profit.

87.     In the alternative, should it be determined that the Underlying Plaintiffs' claims describe damages resulting from "bodily injury" or "property damage" caused by an "occurrence", the claims are removed from coverage by reason of the exclusion for "bodily injury" or "property damage" expected or intended by the insured.

**WHEREFORE**, Nationwide Mutual Insurance Company and Nationwide Property and Casualty Company respectfully requests that this Court declare that Nationwide has no obligation to defend and/or indemnify Liberty Cremation, Inc., Gerald Garzone, Louis Garzone or James McCafferty for the claims asserted against them by the Underlying Plaintiffs and by

the Underlying Plaintiffs as representatives of the proposed Class and that Nationwide has no obligation to satisfy any judgment obtained by Underlying Plaintiffs or members of the proposed Class against Gerald Garzone, Louis Garzone, James McCafferty, McCafferty Funeral Home and Liberty Cremation, Inc.

## COUNT III-Declaratory Judgment

88.     Plaintiffs incorporate the allegations of paragraphs 1 through 87 as if fully set forth herein at length.

89.     The Underlying Plaintiffs allege that the McCafferty/Liberty defendants engaged in a common undertaking, and acted in concert with third parties in connection with the surreptitious removal of body parts and tissue from the decedents' corpses for the transfer to others for transplantation purposes.

90.     To the extent that the McCafferty/Liberty defendants engaged in a joint venture with BTS and others for their mutual economic advantage in connection with the removal and transfer of body parts and tissue from corpses, said McCafferty/Liberty defendants are not Insureds under the Nationwide Policies.

**WHEREFORE**, Nationwide Mutual Insurance Company and Nationwide Property and Casualty Company respectfully requests that this Court declare that Nationwide has no obligation to defend and/or indemnify Liberty Cremation, Inc., Gerald Garzone, Louis Garzone or James McCafferty for the claims asserted against them by the Underlying Plaintiffs and by the Underlying Plaintiffs as representatives of the proposed Class and that Nationwide has no obligation to satisfy any judgment obtained by Underlying Plaintiffs or members of the proposed

Class against Gerald Garzone, Louis Garzone, James McCafferty, McCafferty Funeral Home and Liberty Cremation, Inc.

## COUNT IV-Declaratory Judgment

91.     Plaintiffs incorporate the allegations of paragraphs 1 through 90 as if fully set forth herein at length.

92.     The liability producing conduct attributed to the McCafferty/Liberty defendants as described by the Underlying Plaintiffs is not the result of an occurrence due to an professional malpractice or mistake in the embalming, disposition, burial, disinterment or removal of any deceased human body.

**WHEREFORE**, Nationwide Mutual Insurance Company and Nationwide Property and Casualty Company respectfully requests that this Court declare that Nationwide has no obligation to defend and/or indemnify Liberty Cremation, Inc., Gerald Garzone, Louis Garzone or James McCafferty for the claims asserted against them by the Underlying Plaintiffs and by the Underlying Plaintiffs as representatives of the proposed Class and that Nationwide has no obligation to satisfy any judgment obtained by Underlying Plaintiffs or members of the proposed Class against Gerald Garzone, Louis Garzone, James McCafferty, McCafferty Funeral Home and Liberty Cremation, Inc.

## COUNT V - Declaratory Judgment

93.     Plaintiffs incorporate the allegations of paragraphs 1 through 92 as if fully set forth herein at length.

94.     Pennsylvania law provides that "[i]t is unlawful for any person to knowingly acquire, receive, transfer or in any way facilitate the transfer for transplantation or other medical therapy any human organ or non-regenerative tissue for valuable consideration." 35 P.S. § 100025(a).

95.     To the extent that Gerald Garzone, Louis Garzone, James McCafferty, and/or Liberty Cremation, Inc. willfully acquired, received, transferred or facilitated the transfer of human organs or tissues and received "valuable consideration" for doing so, they have willfully violated a Pennsylvania statute.

96.     Pennsylvania law makes unlawful the abuse of a corpse. 18 P.S. § 5510.  In addition, a conspiracy to commit a criminal offense is unlawful.

97.     Louis Garzone and Gerald Garzone have pled guilty to violating the prohibition of the sale of tissue and organs, the unlawful abuse of a corpse and to criminal conspiracy, in addition to several other crimes. *See* Philadelphia County Court of Common Pleas, Nos. CP-51-CR-0012747-2007; CP-51-CR-12746-2007, respectively. James McCafferty has pled guilty to participating in a criminal conspiracy, in addition to several other crimes. *See* Philadelphia County Court of Common Pleas, No. CP-51-CR-0012708-2007.

98.     In the event that the Underlying Plaintiffs' allegations are accepted as true, the Morticians' Professional Liability Coverage endorsement removes coverage for bodily injury or property damage that arises out of the "willful violation of a penal statute or ordnance committed by or with knowledge of consent of any insured."

99.     In the alternative, insurance coverage for these claims is prohibited as a matter of public policy.

**WHEREFORE**, Nationwide Mutual Insurance Company and Nationwide Property and Casualty Company respectfully requests that this Court declare that Nationwide has no obligation to defend and/or indemnify Liberty Cremation, Inc., Gerald Garzone, Louis Garzone or James McCafferty for the claims asserted against them by the Underlying Plaintiffs and by the Underlying Plaintiffs as representatives of the proposed Class and that Nationwide has no obligation to satisfy any judgment obtained by Underlying Plaintiffs or members of the proposed Class against Gerald Garzone, Louis Garzone, James McCafferty, McCafferty Funeral Home and Liberty Cremation, Inc.

## Jury Trial Demanded

Pursuant to Fed. R. Civ. P. 38(b), plaintiffs demand a trial by jury on all issues so triable by right.

Respectfully Submitted,

**SWARTZ CAMPBELL LLC**

s/William T. Salzer
William T. Salzer
Attorneys for Plaintiffs
Nationwide Property and Casualty Company
Nationwide Mutual Insurance Company